# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Darin Brown, | Civil No. 18-cv-2284 (ECT/HB) |
| Plaintiff, | |
| v. | **ORDER FOR SETTLEMENT CONFERENCE** |
| Soo Line Railroad Co., d/b/a Canadian Pacific, | |
| Defendant. | |

A settlement conference will be held on **April 18, 2019 at 9:00 a.m., in Courtroom 6B**, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101, before the undersigned United States Magistrate Judge. All participants should plan on spending the entire day, if necessary, at this settlement conference.

Counsel who <u>will actually try the case</u> and <u>each party, armed with full settlement authority</u>, shall be present in person. This means that each party must attend through a person who has the power to change that party's settlement posture during the course of the conference. If the party representative has a limit or "cap" on his or her authority, this requirement is not satisfied. If individuals are parties to this case, they must be present in person. If a corporation or other collective entity is a party, a duly authorized representative who has full authority to decide for and bind that party must be present in person. If an insurance company is involved on behalf of any party, a representative of the insurer with the power to pay the policy limits must also attend the settlement

conference in person.

In order to encourage the parties to address the issue of settlement on their own, counsel must meet in person with one another on or before **April 8, 2019**, to engage in a full and frank discussion of settlement.

If the case does not settle during or following that meeting, each attorney shall submit to the undersigned on or before **April 11, 2019**, a confidential letter setting forth (1) a history of the parties' prior attempts to settle the case and their respective settlement positions going into the meeting; (2) the parties' respective settlement positions following the meeting, including any non-monetary components; (3) a concise analysis of each remaining liability issue, with citation to relevant authority (copies of up to 3 key cases should be attached to the letter); (4) a reasoned, itemized computation of each element of the alleged damages, with a concise summary of the testimony of each witness who will testify in support of the damage computations; (5) a reasoned analysis of the strengths and weaknesses of their client's case; (6) a reasoned analysis justifying their client's last stated settlement position, including their assessment of their best and worst alternatives to a negotiated agreement, (7) a description of any perceived hindrances or obstacles to productive settlement negotiations as well as any other information that may be helpful to the Court in facilitating the process of reaching agreement, (8) the approximate total legal fees and expenses incurred thus far and an estimate of the amount remaining to be spent through dispositive motions and through trial; (9) whether any of the proposals or anticipated proposals for settlement may require the presence or availability by phone of additional representatives from any party to assure the right people will be present to

consider and respond to such proposals; (10) any suggestions you have regarding the format of the settlement conference, and/or pre-conference discussions with the Court, that you believe would make the conference more productive; and (11) the name and position of each person who will attend the settlement conference, indicating which of the attendees is the person with full authority to settle the case.  These letters are for the Court's use only and need not be served on opposing counsel.  Counsel shall e-mail their confidential settlement letter to chambers at ***bowbeer_chambers@mnd.uscourts.gov***.

The parties are advised that after receipt of the letters the Court may in its discretion contact counsel for the parties jointly or *ex parte* solely for the purpose of assisting the Court's preparation for the conference.

Failure of any party, counsel, or insurance company to comply with any part of this Order may result in the postponement of the settlement conference and/or imposition of an appropriate sanction on the party, company or attorney who failed to comply.

Dated:  January 9, 2019         s/ *Hildy Bowbeer*
                                HILDY BOWBEER
                                United States Magistrate Judge